UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Hearing Date: **December 18, 2018**
Hearing Time: **11:00 a.m.**

-------------------------------------------------------x
IN RE:                                                                   CASE NO.: 18-36815-cgm

Duane Taylor and Tammara Lavender,                CHAPTER 7

                        Debtors.                               Chief Judge: Hon. Cecelia G. Morris
-------------------------------------------------------x

## NOTICE OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**PLEASE TAKE NOTICE,** that upon the application of Nationstar Mortgage LLC d/b/a Mr. Cooper as servicer for U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-20N, the undersigned shall move this Court for an Order, pursuant to 11 U.S.C. §362(d) of the Bankruptcy Code, vacating the automatic stay, to permit movant to enforce its mortgage on the Debtors' real property located at 13 Mountain View Avenue, Saugerties, New York 12477, and for such other and further relief as is just and proper.

This Motion shall be heard at the United States Bankruptcy Court, Southern District, 355 Main Street, Second Floor, Poughkeepsie, New York, on December 18, 2018 at 11:00 a.m., or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE,** that answering affidavits, if any, must served on the party proposing the action or order so as to be received at least seven (7) days prior to the date set for the hearing.

Dated: Bay Shore, New York
          November 19, 2018

                                        **FRENKEL LAMBERT WEISS
                                        WEISMAN & GORDON LLP**

                                        BY: _____
                                        Elizabeth Doyaga, Esq.
                                        53 Gibson Street
                                        Bay Shore, New York 11706
                                        (631) 969-3100
                                        Our File No.: 01-088221-B00

TO:    Duane Taylor
13 Mountain View Avenue
Saugerties, NY 12477

Tammara Lavender
13 Mountain View Avenue
Saugerties, NY 12477

Duane Taylor,
Heir to the Estate of Lillian Taylor
13 Mountain View Avenue
Saugerties, NY 12477

Brian Juran, Esq.
Attorney for the Debtors
654 Aaron Court
Kingston, NY 12401

Fred Stevens
Chapter 7 Trustee
Southard & Stevens, LLP
200 West 41st Street, 17th Floor
New York, NY 10036

U.S. Trustee
Office of the United States Trustee
74 Chapel Street
Albany, NY 12207

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN RE:                                               CASE NO.: 18-36815-cgm

Duane Taylor and Tammara Lavender,                   CHAPTER 7

                           Debtors.     Chief Judge: Hon. Cecelia G. Morris
-----------------------------------------------------------x

## AFFIRMATION IN SUPPORT OF MOTION
## FOR RELIEF FROM THE AUTOMATIC STAY

    Karen Sheehan, an attorney admitted to practice law, in the courts of the State of New York and in this Court, hereby affirms the following to be true under penalty of perjury:

    1.    I am a partner with Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, attorneys for Nationstar Mortgage LLC d/b/a Mr. Cooper as servicer for U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-20N (hereinafter "U.S. Bank"), a secured creditor of the Debtors. I am fully familiar with the facts of this case and submit this affirmation in support of U.S. Bank's motion for relief from the automatic stay.

    2.    This is a contested matter brought pursuant to Federal Rules of Bankruptcy Procedure Rule 4001, 9013 and 9014 and Section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code") for an Order (1) granting U.S. Bank relief from the automatic stay due to the failure of the Debtors to make payments, and/or provide U.S. Bank with adequate protection for its security interest in the real property located at 13 Mountain View Avenue, Saugerties, New York 12477 ("Premises"); and (2) granting U.S. Bank such other and further relief as the Court deems just and proper.

    3.    U.S. Bank is the holder of a Note given by the Debtor, Duane Taylor and Mortgage given by the Debtor Duane Taylor and Lillian Taylor, (hereinafter "Co-Mortgagor") on August 4, 2007 to secure payment in the original principal sum of $236,000.00 (hereinafter "Note" and "Mortgage" respectively), pledging the Premises as security. A copy of the Note and Mortgage are annexed hereto as **Exhibit A.**

4. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgment, mortgage, and security agreements in support of right to seek a lift of the automatic stay and foreclose, if necessary.

5. The Note and Mortgage were transferred to U.S. Bank by properly endorsed Note. A note and mortgage may be transferred by either a written assignment or the physical delivery of the note. The mortgage passes with the debt as an inseparable incident. See <u>Flyer v. Sullivan</u>, 284 A.D. 687, 134 N.Y.S.2d 521 (1st Dept. 1954); <u>Mortgage Electronic Registration Sys. Inc., v. Coakley</u>, 41 A.D. 3d 674, 838 N.Y.S.2d 622 (2nd Dept. 2007); See also <u>In Re: Feinberg</u>, 442 B.R. 215 (S.D.N.Y 2010).

6. The annexed assignment of mortgage ("Assignment") also evidences the transfer to U.S. Bank. A copy of the Assignment is annexed hereto as **Exhibit B**.

7. Upon information and belief, the Co-Mortgagor, Lillian Taylor is deceased. A copy of the Certificate of Death is annexed hereto as **Exhibit C**.

8. According to the Debtors' Statement of Intention, the Debtors intend to surrender the Premises. A copy of the Debtors' Statement of Intention is annexed hereto as **Exhibit D**.

9. Noteholder, directly or through an agent, has possession of the promissory note and held the note at the time of filing the Movant's motion for Relief from the Stay. The promissory note is made payable to Noteholder or the promissory note has been duly indorsed.

10. On October 29, 2018, the Debtors herein filed a petition under Chapter 7 of the Bankruptcy Code and pursuant thereto an automatic stay was imposed.

11. As required by S.D.N.Y. Administrative Order #347, and pursuant to Local Bankruptcy Rule 4001-1, the completed Motion for Relief Worksheet and Declaration ("Declaration") is attached hereto as **Exhibit E**.

12. As fully set forth in the accompanying Declaration executed by Mary Gracia on November 14, 2018, the Debtors are in default under the terms of the Note and Mortgage. The Declaration states that the total amount due and owing on the subject loan, as of October 31, 2018, is $411,497.75.

13. According to Schedule A of the bankruptcy petition, the Debtors value the subject Premises at $200,000.00. A copy of Schedule A is annexed hereto as **Exhibit F.**

14. In view of the total indebtedness due to U.S. Bank, there is no beneficial equity remaining for the Premises for the estate.

15. For the reasons stated herein, the Debtors have failed to adequately protect the interest of U.S. Bank.

16. Additionally, by seeking relief under Chapter 7, the Debtors are not seeking to reorganize and therefore the Premises are not necessary for a successful reorganization. Therefore, relief from stay is warranted pursuant to Section 362(d)(2).

17. Relief from stay is warranted pursuant to Section 362(d)(2) to allow U.S. Bank, its successors and/or assigns to exercise any and all rights under the mortgage and under the laws of the State of New York, including any action necessary to enforce its interest in the premises known as 13 Mountain View Avenue, Saugerties, New York 12477.

WHEREFORE, Movant respectfully requests an order vacating the automatic stay as it pertains to the Debtors' premises located at 13 Mountain View Avenue, Saugerties, New York 12477, and for such other and further relief as is just and proper.

Dated: Bay Shore, New York
November 19, 2018

Respectfully submitted,
**FRENKEL LAMBERT WEISS WEISMAN & GORDON LLP**

BY: _____
Elizabeth Doyaga, Esq.
53 Gibson Street
Bay Shore, New York 11706
(631) 969-3100
Our File No.: 01-088221-B00

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
IN RE:                                             CASE NO.: 18-36815-cgm

Duane Taylor and Tammara Lavender,                 CHAPTER 7

                           Debtors.       Chief Judge: Hon. Cecelia G. Morris
---------------------------------------------------------x
STATE OF NEW YORK  )
                    ) ss.:
COUNTY OF SUFFOLK  )

    Foula Flanagan, being duly sworn, deposes and says: deponent is not a party to the action. Is over 18 years of age and resides in Suffolk County, New York.

    On November 19, 2018, deponent served the within Notice of Motion for Relief from the Automatic Stay and Motion for Relief from the Automatic Stay, Order Granting Relief from the Automatic Stay upon:

| | |
|---|---|
| Duane Taylor<br>13 Mountain View Avenue<br>Saugerties, NY 12477 | Tammara Lavender<br>13 Mountain View Avenue<br>Saugerties, NY 12477 |
| Duane Taylor<br>Heir to the Estate of Lillian Taylor<br>13 Mountain View Avenue<br>Saugerties, NY 12477 | Brian Juran, Esq.<br>Attorney for the Debtors<br>654 Aaron Court<br>Kingston, NY 12401 |
| Fred Stevens<br>Chapter 7 Trustee<br>Southard & Stevens, LLP<br>200 West 41st Street, 17th Floor<br>New York, NY 10036 | U.S. Trustee<br>Office of the United States Trustee<br>74 Chapel Street<br>Albany, NY 12207 |

    The above parties were served by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in a post office-official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                                               Foula Flanagan

Sworn to before me
19th day of November, 2018.

_____
Notary Public

JESSICA SPIEGELMAN
Notary Public, State of New York
No. 01SP6093750
Qualified in Suffolk County
Commission Expires June 9, 2019

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
IN RE:                                                              CASE NO.: 18-36815-cgm

Duane Taylor and Tammara Lavender,              CHAPTER 7

                       Debtors.                         Chief Judge: Hon. Cecelia G. Morris
-------------------------------------------------------x

## MEMORANDUM OF LAW

The Movant is entitled to relief from the automatic stay as requested in the within motion.

1. The Movant has filed a motion for relief from the automatic stay as it pertains to property located at 13 Mountain View Avenue, Saugerties, New York 12477.

2. Section 362(d) (1) and (2) provide, in pertinent part, as follows:

> (d) On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if-
> (A) the debtor does not have any equity in such property;
> (B) such property is not necessary to an effective reorganization; or

3. Section 362(d) is mandatory, not permissive. The Court shall grant relief from the stay for any of the reasons stated in the three subsections. In re Elmira Litho, Inc., 174 Bankr.892,900 (Bankr. S.D.N.Y. 1994); In re Touloumis, 170 Bankr. 825,827 (Bankr. S.D.N.Y. 1994); In re Kleinman, 156 Bankr. 131, 136 (Bankr. S.D.N.Y. 1993); In re Diplomat Electronics Corp., (82 Bankr 688, 692 (Bankr. S.D.N.Y 1988).

4. Further, if any of the grounds for relief from stay apply the Court must grant the relief from stay. In the case before the Court, relief from the automatic stay may be granted under Section 362(d)(1) since relief may be granted for cause. As evidenced by the accompanying affidavit, Debtors have breached their obligations under the terms of the note and mortgage and has failed to bring the account current.

5. Sub-section (1) of section 362 supports the Movant's motion for relief from the automatic stay, for cause, since payments have not been made to the Movant. See, In re Kornhauser, 184 Bankr. 425 428 (Bankr. S.D.N.Y. 1995); In re Kennedy, 79 Bankr. 950, 952 (Bankr. M.D.Ga. 1987); In re R&H Investment Co., Inc., Bankr. 114, 118 (Bankr. D. Conn. 1985).

In conclusion, Movant requests that its motion for relief from the automatic stay as it pertains to the premises known as 13 Mountain View Avenue, Saugerties, New York 12477, be granted in its entirety.

**FRENKEL LAMBERT WEISS WEISMAN & GORDON LLP**

BY: _____
Elizabeth Doyaga, Esq.
53 Gibson Street
Bay Shore, NY 11706
(631) 969-3100
File No.: 01-088221-B00

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN RE:                                                                          CASE NO.: 18-36815-cgm

Duane Taylor and Tammara Lavender,                         CHAPTER 7

                       Debtors.                                   AFFIRMATION ON DEFAULT
-----------------------------------------------------------x

Hon. Cecelia G Morris: United States Bankruptcy Judge

STATE OF NEW YORK )
                    ss.:
COUNTY OF SUFFOLK )

      Upon information and belief, the Debtors Duane Taylor and Tammara Lavender, are not infants, incompetent, or in the military service.

                                               By: Elizabeth Doyaga, Esq.
                                               Attorney Bar Number: ED5052
                                               Frenkel Lambert Weiss Weisman & Gordon, LLP
                                               53 Gibson Street
                                               Bay Shore, New York 11706

Sworn to before me this
19th day of November, 2018.

_____
Notary Public

JESSICA SPIEGELMAN
Notary Public, State of New York
No. 01SP6093750
Qualified in Suffolk County
Commission Expires June 9, 20___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN RE:                                    CASE NO.: 18-36815-cgm

Duane Taylor and Tammara Lavender,        CHAPTER 7

                    Debtors.        Chief Judge: Hon. Cecelia G. Morris
-----------------------------------------------------------x

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Nationstar Mortgage LLC d/b/a Mr. Cooper as servicer for U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-20N, having moved this Court for an order granting relief from the automatic stay, pursuant to Bankruptcy Rule 4001 and 11 U.S.C. §362(d), with proof of service upon the Debtors, Debtors' Attorney, the Trustee and the U.S. Trustee, having been duly filed, and this motion having been heard on December 18, 2018, and there being no opposition thereto;

Now upon consideration of the Motion of Nationstar Mortgage LLC d/b/a Mr. Cooper as servicer for U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-20N, this Court finds that adequate notice has been given; that all interested parties have had an opportunity to be heard; that there is an absence of recoverable equity in the subject premises for the benefit of the estate; and that Nationstar Mortgage LLC d/b/a Mr. Cooper as servicer for U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-20N is entitled to relief under 11 U.S.C. Sect. 362(d).

IT IS THEREFORE;

**ORDERED**, that the automatic stay is hereby vacated to permit Nationstar Mortgage LLC d/b/a Mr. Cooper as servicer for U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-20N, its successors and/or assigns to enforce its security interest in the real property located at 13 Mountain View Avenue, Saugerties, New York 12477, including but not limited to foreclosure, eviction, loss mitigation, short sale offers and/or deed in lieu; and it is further

**ORDERED,** that the Trustee be informed of any surplus monies resulting from the sale of the collateral; and it is further

**ORDERED,** that unless specifically provided in loan documents signed by the Debtors, Nationstar Mortgage LLC d/b/a Mr. Cooper as servicer for U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-20N, may not collect fees, expenses or other charges associated with a current or subsequent mortgage servicer.